UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ricky Evans,

        Plaintiff,

                              Civ. No. 11-1397 (RHK/JSM)
                              **ORDER**

v.

Northland Group, Inc.,

        Defendant.

       This matter is before the Court *sua sponte*.

       Plaintiff Ricky Evans, proceeding *pro se*, commenced this action in May 2011, alleging that Defendant Northland Group, Inc. ("Northland") had violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, by improperly requesting a copy of his credit report. Since that time, however, Evans has not prosecuted this case. The docket indicates that he failed to participate in a Rule 26 conference with opposing counsel (see Doc. No. 10); failed to appear at the Rule 16 conference before the Magistrate Judge (see Doc. No. 11); and failed to serve initial disclosures or otherwise participate in discovery (see Doc. No. 16).

       As a result of the foregoing, on April 13, 2012, Northland moved to dismiss this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). In light of the Motion, the Court issued an Order to Show Cause (Doc. No. 18) requiring Evans to show in writing, on or before May 4, 2012, why this action should not be dismissed. He

was expressly warned that his failure to respond "will result in this case being dismissed with prejudice . . . for failure to prosecute." (Id. at 2.) Despite that admonition, Evans has not responded to the Order to Show Cause.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action, on Motion, due to a Plaintiff's failure to prosecute. A dismissal with prejudice is appropriate when the record reflects the plaintiff's persistent failure to prosecute his case. See Boyle v. Am. Auto Serv., Inc., 571 F.3d 734, 743 (8th Cir. 2009). That is true here. Smith has ignored his obligations under Federal Rules of Civil Procedure 16 and 26, failed to participate in discovery, and failed to respond to the Court's Order to Show Cause. Under these circumstances, the Court concludes that this action should be dismissed with prejudice.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Evans's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**LET JUDGMET BE ENTERED ACCORDINGLY.**

Dated:  May 9, 2012                                     s/Richard H. Kyle
                                                                                                                                                RICHARD H. KYLE
                                                                                                                                                United States District Judge